on behalf of the appellant, Officer Speers. At the outset, Your Honors, I would like to respectfully request reserving two minutes to rebut the appellee's argument. Your Honors, the record in this case establishes clearly that Officer Speers' conduct in the use of deadly force was objectively reasonable and not a violation of the Fourth Amendment. Secondly, Your Honors, even if the Court were to find that there was a question about the reasonableness of Officer Speers' conduct, the law as it existed in 2001 did not clearly establish that Officer Speers' conduct in the use of deadly force under the circumstances he confronted would violate the Constitution. As for the first argument, Your Honors, we know that under Tennessee v. Garner, we look to the objective reasonableness. We look to whether the suspect, Mr. Adams, posed a serious threat or a threat of serious physical harm to either the officer or to others. We know, and it's undisputed in this case, that Mr. Adams did, in fact, pose a serious or a threat of physical harm. In fact, he actually injured Officer Speers in his attempt to escape. I mean, when he sideswiped the car? I'm sorry. When he sideswiped the car? He sideswiped the car while Officer Speers was standing between the car and the door. Now, wait a minute. You can't contest any facts. And it seems to me you're starting right out setting a fact that is contested, that he was standing by the door. No, Your Honor. That fact is undisputed. It is disputed whether Officer Speers fired from the position between the car door and the car. There is witness testimony that Officer Speers was, in fact, standing outside of his car door area at the time he fired. But it is undisputed that he was injured when the car – when Mr. Adams' sports utility vehicle sideswiped the patrol car. It is undisputed that Mr. – that Officer Speers complained of physical injuries at the hospital that night. It is undisputed. And what else do you have? I mean, that's the only physical danger I see from this scenario. He's backing up. He's surrounded by all these officers. No one's in the path of the car. That's also undisputed. So, right? Or are you disputing that? I would dispute that, Your Honor's contention, that nobody was in the path of the car. There was an officer – Isn't that the plaintiff's set of facts, though? The plaintiff's – well, go ahead. No, I'm sorry, Your Honor. All I was going to say, Your Honor, is in the plaintiff's version of facts, there is an officer at the driver's side window who has smashed out the driver's side window with his baton and is either preparing to pepper spray or has drawn his weapon. That officer is, too, in the zone of danger, as the plaintiffs call it. As officer – as Mr. Adams is continuing to reverse the vehicle, actively resisting arrest, anything could happen to that officer that could put him in danger. He could slip and fall and be run over. Those are objective facts, Your Honor. That would put that off – Who could slip and fall? I don't understand. There's nobody behind him, right, when he's backing up at this stage. You have the two officers on either side, right? The officer who could slip and fall was Officer Rivera, who was at the driver's side door, and, you know, the driver's side tire would be in front of him. If he slips and falls, as Mr. Adams continues to actively resist arrest, that officer could be run over. There are other officers who are also standing – there's an officer, Brush, who is toward the back of the driver's side of the SUV. That officer is in danger, as Mr. Adams continues to resist arrest. Isn't there testimony by persons on the scene that no one was in danger? There are witnesses. But you're entitled to give your version of the facts. And, you know, the appellee has moved to dismiss your brief because you've – you don't observe the standards. I know you know the standards because you state them in your brief, but you're not entitled to any facts. You've got to wait – no, it's just a plaintiff's version. That's the only version you've got. Now, I'd like to ask you directly, how many facts in your brief will you repudiate because they're not part of this appeal? Your Honor, I would not repudiate a single fact that we have asserted. We believe that those facts, we believe that they're not part of this appeal. We'll just dismiss the appeal. That's the situation. Where does the assault and battery occur? The assault and battery occurs when Mr. Adams is recklessly backing up to escape the scene and hits Officer Spears' patrol car door. Well, you know that assault and battery are specific intent crimes, don't you? Yes, Your Honor, it is. Where is the specific intent proven? That can be inferred from Mr. Adams recklessly driving away from a scene after he knows that there are police officers surrounding his car. Well, it might be inferred, but is it an undisputed fact? It is undisputed, Your Honor, that Mr. Adams did, in fact, hit Officer Spears' patrol car door and injure Officer Spears. But isn't it disputed whether it's assault and battery? That would be a conclusion, but I believe Your Honor was concerned with the facts, and those would certainly be two undisputed facts and very strong facts that support a finding of Officer Spears' reasonableness under the circumstance. Well, it's inferential reasoning. I think that's the point. If you have to reach the conclusion by inference, at this stage, we draw it in favor of the plaintiff. Do you agree with that? Yes, Your Honor, I would. So really, the inference you draw of assault and battery can't be used on this appeal. Do you agree with that? I would agree that the inference that it constituted a crime of, excuse me, assault and battery would be one that would be not drawn in favor of the Adamses. Right. But in fact, Your Honor, if you look at other Fourth Amendment cases that deal with the type of situation that Officer Spears confronted, in no case was the officer who used deadly force actually injured in the course of the escaping suspect. Well, I'm just concentrating now on the facts that you assert that strike me as disputed facts. And on page 18 of your brief, you say that Spears pinned Adams, Adams pinned Spears to the car. Is that disputed or not disputed? I believe that's undisputed, Your Honor. I mean, when the car was ---- You believe what? I'm sorry. I believe that is undisputed. Undisputed, do you? When Mr. Adams hits the patrol car door, Officer Spears is pinned between the car and the car door. But your version is as if he's trapped in there. And the other version is he gets out and stands in front of the car. I don't believe that. Isn't there a dispute over that? There is a dispute over where the shots were fired, yes. And he gets out and shoots from in front of the car. Isn't there a dispute, then, whether he's pinned? No. I believe that the two can be harmonized, Your Honor. He can be pinned at one point, and as Mr. Adams is ---- I thought this all happened in a matter of seconds. It does, Your Honor. And he's pinned at one point and gets out a second later. Is that what you're saying? Your reference is only to the first second. Is that your position? My position is that the two are facts that have been set forth, Your Honor, that Officer Spears was out away from his door and inside the car door, between the door and the car door, can be harmonized and, in fact, aren't inconsistent whatsoever. Now, another fact he was saying is that he was shooting to protect others. He didn't say that. In fact, he said he was shooting to protect himself. He does say that, Your Honor. However, the court in Smith v. Freeland said that we can look at the totality of the circumstances. Even if the officer says, I shot to protect myself, we can look at what else was going on at the scene and decide, you know what, that officer, in fact, could have been shooting. A reasonable officer confronted with the circumstances, Officer Spears was presented, could shoot ---- reasonably shoot and use deadly force to protect the other officers who were at the scene. But where do you get the ---- as terms of this undisputed facts, where do you get the undisputed fact that he shot to protect others? What is undisputed in the record about that? Spears' testimony is to the contrary. That's correct, Your Honor. So then you say, well, somebody else said this, but isn't that a dispute or is it not? I believe that it is undisputed that a reasonable officer in position ---- Is that a fact or is that something ---- That's an argument, Your Honor. It's not a fact. It's an argument. Won't you repudiate that, that he shot to protect others? Where do you get it? I get it from ---- I would repudiate, Your Honor, or concede, Your Honor, that Officer Spears did not testify that he shot to defend others. No, but isn't it disputed then? You may make an argument to the jury on the line just telling me, but right now you're not before a jury. You're up here on undisputed facts. How is it undisputed when the ---- your client himself said he didn't do it? I believe, Your Honor, that it's objectively reasonable. Well, I know that. That's the law. But that's not the issue before us. Well, Your Honor, it is in part, because the first step is to determine whether there was a Fourth Amendment violation, and we have to look at the facts. All I'm saying is you stick to these facts you say are undisputed, and you just go down because your brief isn't worth anything. Well, Your Honor, moving to the second point, which is, of course, even if this Court were to find a Fourth Amendment violation, we still have to decide whether the law in 2001, as it existed, was clearly established. You don't get the appeal unless you've come up here on undisputed facts. You don't even get a chance to be heard. We have no jurisdiction if you're disputing the facts. Do you understand that? Your Honor, I disagree with that point. What? I believe that even if there are disputed facts at the issue of whether there would be a Fourth Amendment violation, this Court can still look at it. You can come right up here with disputed facts. Well, that's wonderful. Your Honor, I think an objective ---- an objectively reasonable view of the facts can then let the Court decide whether the law was clearly established. We don't have to decide whether other officers were in danger at the time Officer Spears fired. What we would look to is whether, in fact, Officer Spears was on notice that after being hit by the car and firing within moments, he was violating Mr. Adams' Fourth Amendment right to be free from the use of excessive force. And, in fact, Your Honor, there is no clearly established law that would tell Officer Spears that his use of force under those circumstances violated Mr. Adams' Fourth Amendment right. The parties, the appellees certainly have not pointed to any. They point to Vaughn v. Cox, but that case is factually distinguishable and more after it happened in 2003. Did you know I was on the panel in that case? In Vaughn v. Cox? Yes. Yes, Your Honor, I did. You know, it went to the Supreme Court. Yes, Your Honor, I did. You know, it was remanded to be decided in the like of the other case you sort of put down, the Alabama prison case. The Supreme Court thought it very relevant. Well, Your Honor, in Hope v. Pelzer, which I believe is the other one. That's Hope, yes. The Supreme Court said, look at this case in the light of Hope, and then the panel accepted my point of view and reversed. Well, Hope v. Pelzer, Your Honor, and again, Your Honor, even though that course as you note, that case as you noted, came back down, it still would not have been clearly established in 2001 that Officer Spears' use of force would be. Well, why do you think the Supreme Court thought it was relevant to tell the panel, well, look at this in the light of Hope? What the Court has the Supreme Court has instructed in Haugen, Your Honor, is to take a very fact-specific look at the case law and decide that whether facts similar to those faced by Officer Spears would put him on fair notice and give him fair warning. Had his use of force under the circumstances he confronted would violate Mr. Adams' Fourth Amendment right. Well, if you take the plainest version of the facts, you have a guy backing away slowly who's surrounded by officers and he's unarmed. If you take the plainest version of the facts, your client steps out, pauses, and shoots him. That would seem to violate Tennessee v. Garner. Your Honor, Tennessee victim, he, under the plainest version of the facts, which I know you dispute, what's wrong with that? Your Honor, Tennessee v. Garner, as the Supreme Court noted in Haugen, is just a general test, which is not, which is not. But you can't, you don't take every, you know, every factual nuance and say it's not clearly established for factual nuance. If we take Tennessee v. Garner, through all of, we know that you can't shoot a fleeing felon on the back who doesn't pose a risk to others. Well, Your Honor, and here the question is whether he posed a risk. That's disputed. They say no because under the circumstances of the case, there was no possible risk to the officers. He was unarmed. That's undisputed. He was not a felon. That's undisputed. He was, according to the plaintiff, backing up slowly. And there were no officers in his path while he was backing up. And he wasn't warned. He was not warned. Your Honor, if I may respond briefly in order to reserve some time for rebuttal. Why are you entitled to shoot someone under those circumstances? You're entitled to defend yourself under those circumstances, Your Honor. And secondly, it would not be clearly established. Tennessee v. Garner involved a suspect who was climbing a fence, who was unarmed and running away. Mr. Adams, even in light most availing to the plaintiffs in this case, was armed. He was driving an SUV recklessly. And, Your Honor, I'm going to say he was armed. Pardon me? I'm sorry. Where in this record was he armed? Are you talking about? Driving a sports utility vehicle in a reckless manner when you're surrounded by police constitutes driving and being an armed suspect, Your Honor, and the Ninth Circuit has held that in other cases. Your Honor, I would please ask to reserve the remaining time for rebuttal. Okay. Mr. Leboeuf. May it please the Court. Jacques Leboeuf for the Appellees, John and Kathy Adams. Speak right up. Sorry. I think the only the evidence in this case and the contentions, in fact, established that the only person who used a vehicle intentionally as a weapon was Officer Spears. The facts as the facts that this Court has to has to accept are those that we contended. The Court isn't even supposed to be looking at the evidence that supports those facts. So really, it should be focusing on our complaint, on our memo of points and authorities in opposition to the motion for summary judgment, and on our primarily on the separate statements. In the Eastern District, they use separate statements. That's a great way of highlighting the crucial evidence on a motion for summary judgment. Well, the only thing in the separate statement that Officer Spears contended was that he was being crushed when he shot. And that's now been pretty largely abandoned by the State. How is this case materially different from Brousseau against Haugen? Well, for one thing, this is an interlocking. In some respects, they're similar. They are, indeed. Windows out, trying to get the keys and Broussard, and this one, the other officers knocking the window out, either shooting pepper spray or getting ready to. And the Supreme Court, in that case, said not clearly established. Right. The facts are very similar, Your Honor. I think the first thing to bear in mind is that that case was not an interlocutory appeal. So that came up after the grant of summary judgment. So the Court was looking not at the parties' contentions, not at whether the facts were actually disputed, but looking at the evidence itself and what the evidence would show and what the Court found in that case. Well, you know, for summary judgment, the Court has to conclude that there's no dispute of material fact. But to grant a summary judgment. Factually, probably not a whole lot of difference. Well, except it. I mean, at this point, everyone in this room has to accept your version of the facts, right? Correct. That's correct. Because you filed your complaint, they responded with a motion, been no trial. Correct. But if they conceded that your facts were correct and the important material facts, then the Court granted summary judgment one way or the other, the case would be the same, wouldn't it? Well, I don't know what the plaintiffs contended in that case. They might have had contentions that are as broad as ours. For example, we contend that Officer Spears was in no danger when he fired, that no other officer was in danger. Was the officer in Brousseau in danger? The Court found, based apparently on the undisputed facts, that others in the vicinity were in danger. The Court said But, you know, the vicinity in Broussard is not all that different from the vicinity in this case. I'm sorry, Your Honor? Well, Broussard is awfully close. It's hard for me to distinguish Broussard from this case as well. So the suspect who was shot in Broussard was described by the Court as a disturbed felon. But they didn't know that at the time, really. Well, I think we kind of have to proceed on the assumption that the Court spoke, accurately characterized the evidence. We don't know what the mental motivation, physical condition, et cetera, of your client's son, right? Well, it's our contention that which should be accepted in the He was running away from the police, right? He was driving away from the police. He was trying to get away from Officer Spears. That's correct. Lights were flashing. Sirens were on. He obeyed none of them. Right. Tried to evade them. Right. And eventually he was sort of driven off in an embankment. But for purposes of this motion The police, and it may cut both ways, but the officers in this situation didn't know whether they had an escaped murderer, a kid high on meth. No, that's Or something else. I don't believe that's true, Your Honor. For purposes of this motion, Officer Spears knew that Alan, not only was he not wanted for any serious crime, that his driving during the course of the pursuit had not in fact endangered anybody else. So and we did dispute, by the way, the fact that Spears was ever pinned and injured behind his car door. You agree that he was injured in some way. It seems that he was somehow injured. That much is undisputed. So why isn't that enough? I mean, I know we're jumping around a bit, but why isn't the fact that he was injured at some point enough to say that there was a risk of injury to officers justifying the use of force? Are you asking whether the evidence would support such a finding or whether No, the undisputed evidence. I mean, we don't know to the quantum of injury for the purposes of this. We don't know where Spears was firing. But we do know at some point that there was a side swipe and he was injured. At some point, you're right. That's true. And that was the case in Vaughn as well. The mere fact that a suspect in an attempt to evade an officer unintentionally causes the officer to suffer some harm does not give the officer carte blanche to seconds or minutes or hours later calmly and deliberately shoot the suspect dead. And that is what happened in this case, according to the facts that this court and the state are required to accept that Officer Spears stepped out from behind his car door, planted himself squarely in front of the SUV as it rolled away from him at four or five miles per hour and shot under circumstances where no other officer on the scene could see any reason for it. And several of them said later on that they were still mystified about why he did it. That's what distinguishes this from Broussard. In Broussard, we had I mean, we have to accept the Supreme Court's statement that we had a disturbed felon who was endangering others. Well, under the facts that this Court has to accept in this case, neither of those is true. And I'd like to address just for a moment, I think the Court understands this, but I'd like to reiterate that given the facts as the Court has to take them in this appeal, it should have been clear to Officer Spears that he was not entitled to use deadly force. The Court pointed out in my supplemental cites that I submitted today, I pointed to a few more cases where this Court has explained that you don't have to have the exact same circumstances, as Your Honor mentioned earlier, that there can be many circumstances where Tennessee v. Garner provides all the notice necessary. That would be the Jensen case that I cited and also the Jackson case that I cited in my supplemental material submitted today. And given that we only have to look at the general circumstances, I think that it's not just our Vaughn case that we cited that supports the contention that he should have known that what he was doing was wrong. There's dozens of other cases. There's Blanford v. Sacramento County, which we cited in our brief. Jensen also. Sigley v. City of Parma Heights, which I cited in an earlier supplemental letter. And there were numerous cases on the books when this event took place that should have made it clear to Officer Spears, had he chosen to read them, that you can't shoot an unarmed felon who's not wanted for a dangerous crime. He has not posed a threat of serious bodily injury to anyone, doesn't pose a threat to anyone on the scene, that you can't, and he's completely surrounded and therefore incapable of escaping, you can't shoot him. Officer Spears should have known that. At the very least, the Adamses deserve the chance to persuade a jury that Officer Spears should have known that. Okay. Thank you for your argument. Rebuttal. Thank you, Your Honor. Your Honor, two points. First, counsel mentioned about looking to the points and authorities. I would point to two facts that the plaintiff submitted as being undisputed. First, at the page 142, that the scene was a serious hazard.  The plaintiffs said that the scene where the shooting took place was a serious hazard. It was a serious hazard? It was hazardous, yes, Your Honor. Serious to the what? It was a serious hazard for everyone who was at the scene. What was the hazard? Just the scene itself, Your Honor. The fact that there were How can a scene be a hazard? Because you had an escaping suspect and officers on the ground. That in and of itself is hazardous. It was off the highway, was it not? Yes, Your Honor, it was. I don't understand the meaning of this. How is a scene a hazard? It's what the plaintiffs said, Your Honor. I know, but you're saying it helps you. But if it's a meaningless statement, it doesn't help you at all. Your Honor, the second thing is that they, the plaintiffs also said that the scene was a zone of danger, that it was dangerous. It was dangerous to Officer Spears. It was dangerous to Mr. Adams to escape. It was dangerous to the other officers. That's so vague. You know, scenes are not dangerous. People with guns are. People with vehicles that they'll run into people are dangerous, but not scenes. Your Honor, I see that I've run out of my time. If you would like, and with your permission, I would respond briefly to your comment. Your Honor, by scene, and I don't think it's at all vague, I think we all can, in our mind's eye, can see what Officer Spears was facing. Mr. Adams was continuing to try and escape from a scene or from an area where there were officers on the ground trying to get him to stop, and in doing that, he hit Officer Spears's car and injured him. And his use of deadly force under those circumstances was reasonable and also not clearly established that it was unreasonable. Your Honor, thank you for your time, and we respectfully submit this. It's time. Thank you. Thank you both for your arguments. The case just argued will be submitted for decision, and the Court has presently constituted, we'll stand in recess for the day. All rise. This Court for this session stands adjourned. Thank you.
judges: Noonan, Hawkins, Thomas